# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SYLVIA A. TIDWELL,<br><br>        Plaintiff,<br><br>v.<br><br>COOK COUNTY SHERIFF'S DEPT.,<br>SHERIFF THOMAS J. DART, in his individual<br>capacity, ASST. CHIEF WILLIAM<br>HENRICHS, in his individual capacity, SGT.<br>MYRON ALEXANDER, in his individual<br>capacity, SGT. JOHN LEE, in his individual<br>capacity, the COUNTY OF COOK, a unit of<br>local government.<br><br>        Defendants. | Case No.: 1:11-cv-00514<br><br>Judge: Gary Feinerman<br><br>Magistrate Judge: Maria Valdez<br><br><br><br><br><br><br><br>Plaintiff Demands Trial by Jury |

## AMENDED COMPLAINT

Plaintiff, SYLVIA A. TIDWELL, by and through her attorneys, and complaining against

Defendants, hereby amends her original Complaint and states as follows:

### Introduction

1.      This is an action for employment discrimination.

2.      Plaintiff Sylvia Tidwell seeks redress for race and sex discrimination in violation

of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII")

(Count I); for retaliation in violation of Title VII (Count II); for race discrimination in violation

of 42 U.S.C. § 1981 (Count III); for retaliation in violation of 42 U.S.C. § 1981 (Count IV); and

for violations of her right to equal protection for race and sex discrimination as secured by the

Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 (Count

V).  Plaintiff Tidwell seeks declaratory and injunctive relief as well as damages for her injuries.

**Jurisdiction and Venue**

3.  Jurisdiction of this Court is provided by 28 U.S.C. §§ 1331 and 1343(a).

4.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Plaintiff and all Defendants reside in this District and all events giving rise to Plaintiff's claims occurred within this District.

**Administrative Proceedings**

5.  Plaintiff Tidwell filed internal grievances and an initial charge of discrimination with the Illinois Department of Human Rights ("IDHR") and Equal Employment Opportunity Commission ("EEOC") against Defendant Cook County Sheriff's Department on November 19, 2008.  (*See* Exhibit 1, Charge No. 440-2009-01022).  She received her Notice of Right to Sue letter from the EEOC on or about September 10, 2010.  (*See* Exhibit 2, Notice of Right to Sue).

6.  Plaintiff Tidwell filed another charge of discrimination with the IDHR and EEOC against Cook County Sheriff's Department on September 7, 2010.  (*See* Exhibit 3, Charge No. 440-2010-05920).  This second charge was filed prior to the EEOC's right to sue notice on the first charge.  Although her second Notice of Right to Sue was issued by the EEOC on September 10, 2010, Plaintiff Tidwell did not receive said notice until sometime after October 25, 2010. (*See* Exhibits 4 & 5, Notice of Right to Sue and letter dated October 25, 2010).

7.  Plaintiff Tidwell timely filed her Original Complaint.

**The Parties**

8.  Plaintiff Sylvia A. Tidwell ("Tidwell"), f/k/a Sylvia A. Drane, is a female resident of Cook County and was at all relevant times an employee of the Cook County Sheriff's Department.  Plaintiff Tidwell is African American.

9.     Defendant Cook County is a municipality incorporated under the laws of the State of Illinois.  Cook County administers itself through departments, one of which is the Cook County Sheriff's Department.

10.     Defendant Cook County Sheriff's Department hired Plaintiff Tidwell on or about January 6, 1997.

11.     At all relevant times, Plaintiff Tidwell has been employed as a deputy with Cook County Sheriff's Department, up to and including the present.

12.     Cook County Sheriff's Department is an employer for purposes of 42 U.S.C. § 2000(e)(b), and is engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000(e)(h).

13.     Defendant Thomas J. Dart ("Sheriff Dart") is sued in his individual capacity.  At all relevant times, Sheriff Dart served in the elected position of Sheriff of Cook County, Illinois. At all relevant times, Sheriff Dart was a final policy maker with respect to the various departmental matters at issue here.

14.     Defendant William Henrichs ("Henrichs") is sued in his individual capacity.  At all relevant times, Defendant Henrichs was Assistant Chief of the Civil Division of the Cook County Sheriff's Department and acted under color of law.  At all relevant times, Defendant Henrichs was in a position of direct authority over Plaintiff Tidwell.

15.      Defendant Myron Alexander ("Alexander") is sued in his individual capacity.  At all relevant times, Defendant Alexander was a Sergeant of the Cook County Sheriff's Department, District 4 – Maywood Civil Process Unit, and acted under color of law. At all relevant times, Defendant Alexander was in a position of direct authority over Plaintiff Tidwell.

16.     Defendant John Lee ("Lee") is sued in his individual capacity.  At all relevant times, Defendant Lee was a Sergeant of the Cook County Sheriff's Department, District 4 – Maywood Civil Process Unit, and acted under color of law.  At all relevant times, Defendant Lee was in a position of direct authority over Plaintiff Tidwell.

**Facts Upon Which Claims Are Based**

17.     Defendant Cook County Sheriff's Department hired Plaintiff on or about January 6, 1997.

18.     In September 2000, Plaintiff was transferred to a new position as a deputy in District 4, the Maywood Civil Process Unit.

19.     In January 2011, Plaintiff was reassigned from the Maywood Civil Process Unit to District 1, Cook County Criminal Court Building, where she is still currently assigned.

20.     Throughout her employment as a deputy with Cook County Sheriff's Department, Plaintiff has performed her job responsibilities in a satisfactory manner.

21.     In 2005, Plaintiff Tidwell filed an internal complaint for harassment against her supervisor Sergeant Anthony Baratta (a non-party to this action).  On information and belief, several other female employees also filed complaints against Sergeant Baratta.  Eventually Sergeant Baratta was removed or transferred from the Maywood Civil Process Unit.

22.     During an investigation into the complaints against Sergeant Baratta, Defendant Alexander served as Sergeant Baratta's union steward.  On information and belief Defendant Alexander became aware of Plaintiff Tidwell's complaint against Sergeant Baratta during this time.

23.     In early 2007, Defendant Henrichs became Assistant Chief of the Civil Division and has continually served in this role, at all relevant times.  In his role as Assistant Chief,

Defendant Henrichs must review and approve all disciplinary action for all units of the Civil Division.

24.     In early 2008, Defendant Alexander and Defendant Lee were transferred to District 4, the Maywood Civil Process Unit, and became Plaintiff's immediate supervisors and remained so at all times relevant to this complaint.

25.     On information and belief, Defendants Henrichs and Lee were aware of Plaintiff's complaint against Sergeant Baratta. From the time Defendants Alexander and Lee were assigned to their supervisory position over Plaintiff, Defendants began a pattern of race and sex based discrimination as well as retaliation for Plaintiff's original complaint against Sergeant Baratta.

26.     Prior to the arrival of Defendants Henrichs, Alexander, and Lee, Plaintiff Tidwell had never been the subject of any incident, received any warnings, been written up, received any suspensions, or been disciplined in any manner since being hired in 1997. In addition, each year Plaintiff received a yearly review which always indicated that Plaintiff was performing at a satisfactory level. The examples set forth herein demonstrate that white male officers and/or non-black officers who were directly comparable in all material respects with Plaintiff Tidwell, were not subject to the extreme penalties applied to Plaintiff in similar circumstances.

27.     On October 2, 2008, Plaintiff Tidwell served a summons at MB Financial Bank, 800 W. Madison Street, Chicago IL, 60607. On average, Plaintiff visited this site one to two times a week on her tour of duty. On this particular day, Plaintiff parked her car in a loading zone for approximately five minutes while serving the summons. Although Plaintiff Tidwell's car was an unmarked Sheriff's vehicle with corresponding Sheriff's plates, the security guard of the building placed a sticker notifying Plaintiff of improper parking. Plaintiff removed the

sticker, placed it on the adjacent loading zone sign (without obstructing the sign), and continued on her tour of duty.

28.     A complaint was filed against Plaintiff Tidwell and Defendant Alexander initiated an investigation of the incident.  During Defendant Alexander's investigation it was discovered that Plaintiff had made a mistake on the summons that she served that day, listing the time served as 10:30 a.m. while it was eventually determined that the time noted on the summons was incorrect.  On information and belief, at the direction of Defendant Henrichs, Defendant Alexander completed and returned a Complaint Register Form to Defendant Henrichs and thereafter forwarded it to the Office of Professional Review ("OPR").

29.     Although this was the first incident (in more than 11 years) that Plaintiff Tidwell was involved in since being hired by the Cook County Sheriff's Department, Defendants Henrichs and Alexander pursued the severe action of logging the complaint with the OPR rather than giving Plaintiff a warning, writing her up, requiring performance counseling, or pursuing some other lesser degree of discipline.  Other similarly situated non-black and/or male deputies that have been the subject of similar incidents were not referred to the OPR and/or received much less severe disciplinary action, especially in instances where it was the employees' first offense.  As a result, in November 2008 Plaintiff filed an internal complaint with the Cook County Sheriff's Department and a charge with the EEOC for race and sex discrimination as well as retaliation.

30.     Upon completion of the OPR review in early 2010, it was recommended that Plaintiff be suspended for 26 days.  Plaintiff filed a grievance which Defendant Henrichs refused to entertain and a final determination was made that Plaintiff would be suspended for 26 days without pay.  This suspension was served during May 2010.  No other similarly situated non-

black and/or male employee in District 4 has, during the relevant time period, ever received a suspension of a similar duration for a similar incident. Between 2007 and 2010, there were many instances where other non-black and/or male deputies were found to have inaccuracies on their affidavits, yet these deputies were not disciplined in a similar manner. For example, in May 2010 another similarly situated deputy incorrectly recorded the month of service of a summons in an affidavit. This deputy was initially given a written reprimand, which was later reduced to a counseling after he filed a grievance. Like Plaintiff, this was also his first offense, but unlike Plaintiff, there was no suspension for this male officer.

31. On information and belief, Defendants Henrichs, Alexander, and Lee became aware of Plaintiff's internal complaint and EEOC charge soon after they were filed in November 2008.

32. Subsequent to the incident on October 2, 2008, Defendants Henrichs, Alexander, and Lee created a hostile work environment for Plaintiff Tidwell which included a pattern of race and sex based discrimination as well as retaliation in response to the above referenced complaints, EEOC charge(s) and this litigation. The following paragraphs contain examples of other instances where Defendants discriminated and/or retaliated against Plaintiff.

33. On October 20, 2008, Plaintiff Tidwell inadvertently misplaced a gas card that was assigned to her for use with department vehicles. Defendant Lee filed a Punishment Action Request and recommended a written reprimand. Under the direction of Defendant Hendrichs, Defendant Lee also filed a criminal report against Plaintiff regarding the missing gas card. Other similarly situated non-black and/or male employees that have lost or misplaced gas cards were either not disciplined at all or received a lesser degree of discipline than Plaintiff. For example, in 2009 a non-black, male deputy lost a gas card and was only given a written reprimand.

Additionally, in 2010, another non-black, male deputy lost a gas card and was only given counseling, the lowest level of discipline available.

34.     On October 21, 2008, Plaintiff Tidwell parked her squad car and left it running and "unattended" in a Cook County Sheriff's Department lot in the area adjacent to a handicap spot (a widespread and tolerated practice within the Cook County Sheriff's Department including Defendant Alexander himself).     Defendant Lee filed a Punishment Action Request and recommended a one day suspension without pay.  Defendant Henrichs approved the suspension. No other similarly situated non-black and/or male deputy in District 4 has been disciplined for leaving their squad car running and "unattended" or parked in or adjacent to a handicapped spot during the relevant time.

35.     After Plaintiff Tidwell filed her internal complaint and the EEOC charge in November 2008 her standard assignment was suddenly changed.   Defendants Henrichs, Alexander, and Lee began to repeatedly change Plaintiff's assignment and increased her workload.  Because Plaintiff was working different districts daily with heavy workloads it was far more difficult to achieve her prior level of productivity or complete assignments in the allotted time.  Plaintiff is unaware of any similarly situated non-black and/or male deputies that had their assignments changed as frequently as Plaintiff's.

36.     On July 14, 2010, Plaintiff Tidwell served two summonses on the same location. Although Plaintiff accurately recorded the information on her log sheet, she did not completely fill out one of the affidavits.   Defendant Lee filed a Punishment Action Request and recommended a one day suspension without pay.  Defendant Henrichs reviewed and affirmed the one day suspension.  Other similarly situated non-black and/or male deputies that had improperly filled out affidavits during the same time period were not disciplined at all, or received a lesser

degree of discipline than Plaintiff. For example, a white male deputy served a summons to the wrong defendant and yet filled out an affidavit stating that the summons was properly served. This incident was reported to Defendants but no action was taken and the deputy received no discipline whatsoever.

37.     On July 23, 2010, Plaintiff Tidwell was unable to attempt service of all of the summonses assigned to her due to circumstances beyond her control. Upon reviewing Plaintiff's log sheet, Defendant Lee initiated a Minimum Performance Counseling interview with Plaintiff over alleged deficiencies in performance for her July 23, 2010 tour of duty. Despite there being no standards by which performance is measured, and although Plaintiff informed Defendant Lee that there were extenuating circumstances that made it impossible to complete her assignments in a timely manner, Defendant Lee pursued disciplinary action. Other similarly situated non-black and/or male deputies during that time were not disciplined for similar levels of productivity on their daily tours of duty. Plaintiff is unaware of any instance where a deputy in District 4 was written up or disciplined in any manner for partially completing their daily work assignment.

38.     On July 24, 2010, Defendant Lee was addressing a group of officers including Plaintiff Tidwell. When Plaintiff asked Defendant Lee a question he made a sarcastic retort that caused the group of officers to laugh at Plaintiff. As Defendant Lee was exiting the room Plaintiff attempted to make light of the situation by jokingly commenting to the group, "oh suck an egg." When told about the comment, Defendant Lee determined the comment was addressed to him and he filed a Punishment Action Request and recommended a three day suspension without pay. Defendant Henrichs reviewed and affirmed the three day suspension. Other similarly situated non-black and/or male deputies that addressed a supervising officer with sarcastic and/or far more offensive language were not disciplined for such incidents, or received

a lesser degree of discipline than Plaintiff. For example, a white male deputy verbally confronted a sergeant using profanity and exhibited extremely disrespectful behavior in the presence of the entire office, however, when the incident was reported to Defendants, no action was taken. As another example, a non-black male deputy verbally confronted Defendant Alexander using profanity and was only given a counseling, the lowest level of discipline available.

39.     As a result of the above referenced pattern of discrimination and retaliation, Plaintiff filed a second charge with the EEOC on September 7, 2010. In addition, Plaintiff made multiple requests for a transfer out of the Maywood Civil Process Unit, however, Plaintiff's requests were denied each time.

40.     On December 29, 2010, Plaintiff suffered an injury during her tour of duty that prevented her from being able to continue her current duties. As a result, Plaintiff was reassigned to her current position at 26th and California, as a courtroom deputy.

41.     Since being reassigned to District 1, Cook County Criminal Court Building, out of the direct supervision of Defendants Henrichs, Alexander, and Lee, Plaintiff has had absolutely no incidents or complaints with respect to her new role as a courtroom deputy.

42.     Despite Plaintiff's reassignment and the subsequent absence of any incidents or complaints regarding Plaintiff from her current supervisors, Defendants still continue to discriminate and retaliate against Plaintiff. Defendants pursued the following course of action after Plaintiff filed her original complaint in this action on January 24, 2011.

43.     In April 2011, Plaintiff was notified for the first time that an OPR investigation had been launched into a complaint filed by Defendant Alexander regarding an incident

involving an erroneous log sheet entry that happened almost two years earlier, sometime in April 2009. The OPR eventually ruled against Plaintiff.

44. On September 7, 2011, a Loudermill hearing was held which resulted in Plaintiff's suspension without pay pending termination.

45. On September 8, 2011, Defendant Sheriff Dart filed a complaint against Plaintiff with the Cook County Sheriff's Merit Board requesting that Plaintiff be terminated. Defendant Sheriff Dart's complaint endorsed, condoned, and facilitated the pattern of discrimination and retaliation engaged in by Defendants.

46. At all relevant times, Plaintiff Tidwell has pursued every form of administrative remedy available to her within the Cook County Sheriff's Department. Plaintiff was denied the relief she sought in each and every instance.

## COUNT I

### (Title VII Violation — Race and Sex Discrimination
### v. Defendant Cook County Sheriff's Department)

47. As against Defendant Cook County Sheriff's Department, Plaintiff restates and realleges by reference paragraphs 1 through 46 above as though fully set forth herein.

48. The actions of Defendant as perpetrated by its agents and as described above are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of her race and sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

49. Defendant has engaged in a policy, pattern, and practice of race and sex discrimination.

11

50.     Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by creating a discriminatory work environment that adversely affected her compensation, terms, conditions, and privileges of employment.

51.     The actions of Defendant in intentionally engaging in and condoning race and sex discrimination against Plaintiff have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees, and such other relief as the Court may find appropriate.

## COUNT II

### (Title VII Violation — Retaliation
### v. Defendant Cook County Sheriff's Department)

52.     As against Defendant Cook County Sheriff's Department, Plaintiff restates and realleges by reference paragraphs 1 through 46 above as though fully set forth herein.

53.     Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by retaliating against her for complaining about discrimination and by refusing and failing to protect Plaintiff from retaliation.

54.     Defendant has engaged in a policy, pattern, and/or practice of retaliating and condoning retaliation against employees who complain of discrimination.

55.     By engaging in and condoning retaliatory conduct, Defendant discriminated against Plaintiff in violation of 42 U.S.C. § 2000e-3, as amended.

56.     The actions of Defendant in intentionally engaging in and condoning discrimination and retaliation against Plaintiff have caused her great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees, and such other relief as the Court may find appropriate.

## COUNT III

### (§ 1981 Violation — Race Discrimination
### v. All Defendants)

57.     As against all Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 46 above as though fully set forth herein.

58.     Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment based on race by subjecting her to unequal conditions of employment, whereby Plaintiff was subjected to a hostile work environment and retaliated against because she complained about such conduct.

59.     The conduct alleged herein constitutes a pattern, custom, and practice of racial discrimination against Plaintiff.   Defendants' employment practices alleged herein are undertaken with discriminatory intent.  This conduct constitutes an official policy or custom of the Cook County Sheriff's Department, which has adversely affected Plaintiff and violated her rights to make and enforce contracts and to enjoy all benefits, terms, and conditions of her contractual relationships, under 42 U.S.C. § 1981.

60.     Defendant Cook County Sheriff's Department is responsible for the acts of Sheriff Dart and Sheriff Department supervisors, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of race discrimination.

61.     Defendant Sheriff Dart at all times relevant hereto was a policymaker for the Sheriff's Office and had final policymaking authority.

62.     Defendants' actions were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured by 42 U.S.C. § 1981.

63.     The actions of Defendants in intentionally engaging in and condoning discrimination against Plaintiff based on her race caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees, and such other relief as the Court may find appropriate.

## COUNT IV

### (§ 1981 Violation — Retaliation
### v. All Defendants)

64.     As against all Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 46 above as though fully set forth herein.

65.     Defendants' intentionally subjected Plaintiff to unequal and discriminatory treatment by retaliating against her for complaining about discrimination and by refusing and failing to protect Plaintiff from retaliation.

66.     Defendants' actions reflect a policy, custom, or pattern of official conduct of engaging in and condoning retaliation against individuals based on their opposing Defendants' discriminatory practices.

67.     The conduct alleged herein constitutes a pattern, custom, and practice of retaliation against employees.  Defendants' employment practices as alleged herein are undertaken with retaliatory intent.  The conduct constitutes an official policy or custom of the Cook County Sheriff's Department, which has adversely affected Plaintiff and violated her rights to make and enforce contracts and to enjoy all benefits, terms, and conditions of her contractual relationships, under 42 U.S.C. § 1981.

68.     Defendant Cook County Sheriff's Department is responsible for the acts of Sheriff Dart and Sheriff Department supervisors, who were acting within the scope of their employment and pursuant to a policy, custom, and/or pattern of race discrimination.

69.     Defendant Sheriff Dart at all times relevant hereto was a policymaker for the Sheriff's Office and had final policymaking authority.

70.     Defendants' retaliatory actions were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured by 42 U.S.C. § 1981.

71.     The actions of Defendants in intentionally engaging in and condoning discrimination and retaliation against Plaintiff based on her race caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment

interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees, and such other relief as the Court may find appropriate.

## COUNT V

### (42 U.S.C. § 1983 Violation of Equal Protection — Race and Gender
### v. All Defendants)

72.     As against all Defendants, Plaintiff restates and realleges by reference paragraphs 1 through 46 above as though fully set forth herein.

73.     Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment based on her race and gender by subjecting her to unequal conditions of employment, whereby Plaintiff was subjected to a hostile work environment and retaliated against because she complained about such conduct.

74.     Defendants intentionally subjected Plaintiff to unequal and discriminatory treatment that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to remedy such conditions.

75.     Defendants' actions reflect a policy, custom, or pattern of official conduct engaging in and condoning discrimination against individuals based on their gender and race.

76.     Defendant Sheriff Dart at all times relevant hereto was a policymaker for the Sheriff's Office and had final policymaking authority.

77.     Defendants' actions against Plaintiff violate her equal protection right to be free from discrimination based on her race and sex as secured by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

78.     All Defendants have acted under color of state law at all times hereto.

79.     Defendants' actions were intentional, willful, and malicious and/or in deliberate indifference for Plaintiff's rights as secured by 42 U.S.C. § 1983.

80.     The actions of Defendants in intentionally engaging in and condoning discrimination against Plaintiff based on her race and sex caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees, and such other relief as the Court may find appropriate.


Respectfully submitted,

/s/ *Gerald C. Willis*

Gerald C. Willis
Ryan J. Jungels
Guy W. Barcelona
**MCANDREWS, HELD & MALLOY, LTD.**
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
(312) 775-8000
(312) 775-8100 facsimile
E-Mail:     jwillis@mcandrews-ip.com
            rjungels@mcandrews-ip.com


**Attorneys for Plaintiff**
**SYLVIA A. TIDWELL**

# EXHIBIT 1

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2009-01022 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Sylvia A. Drane** | (773) 629-6511 | 11-29-1960 |

| Street Address | City, State and ZIP Code |
|---|---|
| **2261 W. 111th Street, Apt 1S** | **Chicago, IL 60643** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **COOK COUNTY SHERIFF'S DEPT** | **500 or More** | (708) 865-6527 |

| Street Address | City, State and ZIP Code |
|---|---|
| **50 W. Washington Street** | **Chicago, IL 60602** |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
                  **11-17-2008**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent on January 6, 1997. My current position is Deputy Sheriff. During my employment, I have complained internally of racial and sex-based harassment. On October 21, 2008, I was disciplined more severely for committing an infraction than my White co-workers.

I believe I have been discriminated against because of my race, Black, and that I have been retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

NOV 19 2008

CHICAGO DISTRICT OFFICE

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Nov 19, 2008**          *Sylvia A. Drane*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

# EXHIBIT 2

EEOC Form 161 (11/09)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Sylvia A. Drane Tidwell<br>1120 N. Avers<br>Chicago, IL 60651 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|

CERTIFIED MAIL 7010 1870 0001 1856 5327

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2009-01022 | **Vittoria Incandela,**<br>Investigator | (312) 886-9838 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

## - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

_John P. Rowe,_
**John P. Rowe,**
**District Director**

9/9/10
(Date Mailed)

cc: **COOK COUNTY SHERIFF**

# EXHIBIT 3

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 440-2010-05920 |

| Illinois Department Of Human Rights | | and EEOC |
|---|---|---|
| | State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Sylvia A. Drane-Tidwell | (708) 692-7534 | 11-29-1960 |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| 1120 N. Avers, Chicago, IL 60651 | | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (include Area Code) |
|---|---|---|
| COOK COUNTY SHERIFF'S DEPT. | 500 or More | (773) 869-7683 |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| 2700 S California Avenue, Chicago, IL 60608 | | | |

| Name | No. Employees, Members | Phone No. (include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| | | | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
                            08-24-2010

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in or around January 1997. My most recent position is Deputy Sheriff. During my employment I filed, I filed EEOC charge 440-2009-01022. Subsequently, I have been subjected to different terms and conditions of employment, including, but not limited to, and more frequent, and severe, discipline compared to my non-Black, male co-workers.

I believe I have been discriminated against because of my race, Black, my sex, female, and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

SEP 0 7 2010

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 9-7-10 _____ Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| _Sylvia G. Tidwell_ Charging Party Signature | |

# EXHIBIT 4

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Sylvia A. Drane-Tidwell**
**1120 N. Avers**
**Chicago, IL 60651**

**CERTIFIED MAIL  7010 1670 0001 3287 1185**

From: **Chicago District Office**
**500 West Madison St**
**Suite 2000**
**Chicago, IL 60661**

| | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2010-05920** | **Vittoria  Incandela,**<br>**Investigator** | **(312) 886-9838** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*John P. Rowe*                                         9/10/10

Enclosures(s)

**John P. Rowe,**
**District Director**

*(Date Mailed)*

cc:     **COOK COUNTY SHERIFF'S DEPARTMENT**

# EXHIBIT 5



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661
Intake Information Group: (800) 669-4000
Intake Information Group: (800) 669-6820
Chicago Direct Dial: (312) 353-2713
Chicago TTY: (312) 353-2421
Administration Fax: (312) 353-4041
Enforcement/File Disclosure Fax: (312) 886-1168
Federal Sector Fax: (312) 886-5391
Legal Fax: (312) 353-8555
Mediation Fax: (312) 353-6676

October 25, 2010

Sylvia A. Drane-Tidwell
1120 N. Avers
Chicago, IL 60651

> Charging Party: Sylvia A. Drane-Tidwell
> Respondent: Cook County Sheriff's Department
> EEOC Number: 440-2010-05920

Dear Ms. Drane-Tidwell:

The enclosed Dismissal and Notice of Rights was sent to you on September 10, 2010 via certified mail. However, the Postal Service returned it to the Commission because **it was unclaimed.**

We are sending it via regular mail so that you may have another opportunity to receive it.

Sincerely,

John P. Rowe
District Director